David H. Boren, Esq. SBN 186316 [*dboren@rlfllp.com*]
**RITHOLZ LEVY FIELDS LLP**
10940 Wilshire Boulevard, Ste. 1600
Los Angeles, CA  90024
Bus: (310) 443-4176

Jenna L. Harris, Esq. [*jharris@rlfllp.com*]
*(Pro Hac Vice to be Filed)*
**RITHOLZ LEVY FIELDS LLP**
131 S 11th Street
Nashville, TN 37206
Bus: (615) 250-3939

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Waterman,<br><br>   Plaintiff,<br><br>   vs.<br><br>Spotify USA, Inc.,<br><br>   Defendant. | Case No. 24-CV-03391-DDP-PVC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF SPOTIFY USA, INC.**<br><br>Complaint served: April 25, 2024<br>Response date: June 14, 2024<br><br>Judge: Dean D. Pregerson |

Defendant Spotify USA, Inc. ("Spotify" or "Defendant") hereby answers the Complaint filed by Plaintiff Elizabeth Waterman ("Plaintiff") as follows:

### JURISDICTION AND VENUE

1. Defendant admits that Plaintiff seeks relief under the Copyright Act by virtue of the allegations set forth in the Complaint but denies all remaining allegations in this paragraph.

2. Defendant admits that this Court has federal question jurisdiction under

0238280

ANSWER TO COMPLAINT

28 U.S.C. §§ 1331 and 1338(a) by virtue of Plaintiff's allegations. Defendant denies that personal jurisdiction exists in this matter.

3. Defendant denies that venue in this judicial district is proper.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis denies them.

5. Defendant admits that it is a Delaware corporation, admits its referenced principal place of business, but denies that it owns the website https://spotify.com. The allegation that Defendant "is doing business in and with the state of California" calls for a legal conclusion to which no response is required.

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis denies them.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of this paragraph, and on that basis denies them. Defendant specifically denies having knowledge of any violation of Plaintiff's purported rights, including any alleged damages.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and on that basis denies them.

9. Defendant denies the allegations in this paragraph.

10. Defendant denies the allegations in paragraph 10 to the extent that they attempt to mischaracterize a written communication that speaks for itself, except admits that Defendant received a communication from Plaintiff on October 16, 2023, and directed Plaintiff to a form for reporting illegal content on Spotify: https://support.spotify.com/report-content/. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph regarding unidentified "other unauthorized uses", and on that basis denies them.

0238280

ANSWER TO COMPLAINT

11. Defendant denies the allegations in paragraph 11 to the extent that they attempt to mischaracterize a written communication that speaks for itself, except admits that Defendant received a communication from Plaintiff on December 13, 2023 through the form available at https://support.spotify.com/report-content/.

12. Defendant denies the allegations in paragraph 12 and states the Subject Photograph and associated track have not been searchable or playable since December 7, 2023. To the extent any image was still visible at the referenced URL on the date of the filing of Plaintiff's Complaint, it was associated with a track that had been removed months prior and was not searchable.

13. Defendant states that the referenced image speaks for itself and no further response to this paragraph is required. Defendant denies the allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

14. Defendant repeats, realleges and incorporates by reference each response to the preceding paragraphs.

15. Defendant denies the allegations in this paragraph.

16. Defendant denies the allegations in this paragraph.

17. Defendant denies the allegations in this paragraph.

18. Defendant denies the allegations in this paragraph.

19. Defendant denies the allegations in this paragraph.

Defendant denies that Plaintiff is entitled to any of the requested relief, or to any other relief. Defendant further states that, to the extent any allegation set forth in the Complaint is not expressly admitted herein, such allegation is denied.

0238280

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Spotify affirmatively states that Plaintiff's complaint fails to state a claim against Spotify upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Spotify affirmative states that this Court lacks personal jurisdiction over it in this matter. Spotify is a Delaware corporation headquartered in New York, and is, therefore, not "at home" in California justifying general personal jurisdiction. Plaintiff has also failed to identify sufficient contacts between Spotify and California that have any bearing on the claims set forth in the Complaint establishing specific personal jurisdiction. Spotify affirmatively states that, as a result, Plaintiff's claims should be dismissed under Federal Rules of Civil Procedure 12(b)(2).

### THIRD AFFIRMATIVE DEFENSE

Spotify affirmatively states that venue is also improper in this action. Plaintiff has failed to show sufficient contacts between Spotify and this District that would make it the proper venue for adjudication of this matter. Spotify affirmatively states that, as a result, Plaintiff's claims should be dismissed under Federal Rules of Civil Procedure 12(b)(3).

### FOURTH AFFIRMATIVE DEFENSE

Spotify affirmatively states that Plaintiff's claims are barred, in whole or in part, on the grounds that Spotify cannot be held liable for copyright infringement because it is protected by the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA") pursuant to 17 U.S.C. § 512(c). Spotify qualifies as a service provider under § 512(c) and meets the conditions necessary to be afforded the protections under the safe-harbor provisions of the DMCA.

### FIFTH AFFIRMATIVE DEFENSE

Spotify affirmatively states that Plaintiff's claims are barred, in whole or in part, because any damage that Plaintiff purportedly sustained was not legally or proximately caused by any action or omission by Spotify.

### SIXTH AFFIRMATIVE DEFENSE

Spotify affirmatively states that, to the extent any publication or other use of the photograph at issue in this action is found to have been an infringement, Plaintiff's damages, if any, are limited because Spotify had no reason to believe its alleged acts constituted an infringement and, therefore, any alleged infringement of Plaintiff's copyright was not intentional or willful.

### SEVENTH AFFIRMATIVE DEFENSE

Spotify affirmatively states that, to the extent it has any liability for copyright infringement, which Defendant denies, but assumes solely for the sake of asserting this

defense, any infringement or violation occurred with innocent intent and without volitional conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Spotify affirmatively states that Plaintiff's claim is barred by virtue of the fact that Plaintiff has not suffered any damages which were caused by, or attributable to, the alleged infringement.

### NINTH AFFIRMATIVE DEFENSE

Spotify affirmatively states that Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties.

### TENTH AFFIRMATIVE DEFENSE

Spotify affirmatively states that Plaintiff's claims are barred, in whole or in part, on the grounds that any use of the Subject Photograph was pursuant to a valid license.

Spotify reserves the right to assert any additional defenses as may be discovered during the conduct of this litigation, and further reserves the right to amend this Answer and assert all such defenses.

### PRAYER FOR RELIEF

Wherefore Defendant, Spotify USA, Inc. requests entry of judgment in its favor against Plaintiff as follows:

A. Plaintiff's Complaint be dismissed with prejudice and in its entirety and that Plaintiff take nothing thereby;

0238280


B. Awarding Defendant's costs of suit, including reasonable attorney's fees;

C. Granting any and all other relief that the Court deems just and proper.

Dated: July 15, 2024　　　　　　　　　**RITHOLZ LEVY FIELDS LLP**

By: /s/ David H. Boren
David H. Boren (SBN 186316)
dboren@rlfllp.com
**RITHOLZ LEVY FIELDS LLP**
10940 Wilshire Boulevard, Ste. 1600
Los Angeles, CA 90024
Bus: (310) 443-4176

Jenna L. Harris (*pro hac vice to be filed*)
jharris@rlfllp.com
**RITHOLZ LEVY FIELDS LLP**
131 S 11th Street
Nashville, TN 37206
Bus: (615) 250-3939

*Attorneys for Defendant*

0238280

**ATTESTATION OF CONCURRENCE IN FILING**

In accordance with Civil Local Rule 5-4.3.4(a)(2)(i), I attest the concurrence in the filing of this document has been obtained.

Dated: July 15, 2024          **RITHOLZ LEVY FIELDS LLP**

By:  /s/ David H. Boren
David H. Boren
Jenna L. Harris (*pro hac vice to be filed*)
Attorneys for Defendant

0238280

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am a partner of RITHOLZ LEVY FIELDS LLP and that on the date shown below, I caused service of a true and correct copy of the attached: **"DEFENDANT'S ANSWER TO COMPLAINT"** to be completed by:

\_\_\_\_\_   personally delivering

\_\_\_\_\_   delivery via Nationwide Legal Services

\_\_\_\_\_   sending via Federal Express or other overnight delivery service

\_\_\_\_\_   delivery via facsimile machine to fax no. _____

  X     delivery via electronic delivery to:

> Stephen M. Doniger (SBN 179314)
> stephen@donigerlawfirm.com
> Kelsey M. Schultz (SBN 328159)
> kschultz@donigerlawfirm.com
> DONIGER / BURROUGHS
> 603 Rose Avenue
> Venice, California 90291
> Attorneys for Plaintiff

Executed on July 15, 2024, at Los Angeles, California.

  X     (Federal)  I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

/s/ David H. Boren

0238280