David H. Boren, Esq. SBN 186316 [*dboren@rlfllp.com*]
**RITHOLZ LEVY FIELDS LLP**
10940 Wilshire Boulevard, Ste. 1600
Los Angeles, CA 90024
Bus: (310) 443-4176

Jenna L. Harris, Esq. [*jharris@rlfllp.com*]
*(Pro Hac Vice to be Filed)*
**RITHOLZ LEVY FIELDS LLP**
131 S 11th Street
Nashville, TN 37206
Bus: (615) 250-3939

Attorneys for Spotify USA, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Waterman,<br><br>Plaintiff,<br><br>vs.<br><br>Spotify USA, Inc., a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. 24-CV-03391-DDP-PVC<br><br>**NOTICE TO COURT RE: PLAINTIFF CANCELLING SCHEDULED MEDIATION**<br><br>Judge: Dean D. Pregerson |

0249208

NOTICE TO COURT RE: PLAINTIFF CANCELLING SCHEDULED MEDIATION

Defendant Spotify USA, Inc. ("Defendant") hereby submits this Notice to the Court regarding the mediation which was scheduled for the morning of January 7, 2025 before Edward J. Weiss, Esq. of ADR Services.

On April 24, 2024, Plaintiff Elizabeth Waterman ("Plaintiff") filed her Complaint. Dkt No. 1. Defendant filed its Answer on July 15, 2024. Dk. No. 16.

On September 24, 2024, the Court issued a Scheduling Order in this matter. Dkt No. 22. In addition, on that same date, the Court issued an Order for the parties to use ADR Procedure No. 2, which states in relevant part as follows: "This case is referred to the Court Mediation Panel. Within twenty-one (21) days, plaintiff shall obtain the consent of a neutral on the Court Mediation Panel who will conduct the mediation and shall file Form ADR-2, Stipulation Regarding Selection of Panel Mediator…Absent extraordinary circumstances, parties cannot request a continuance within three (3) business days of a scheduled mediation." Dkt No. 21. The Court ordered that the ADR proceeding be completed on or before January 31, 2025.

On October 22, 2024, Plaintiff filed a Stipulation Regarding Selection of Panel Mediator, requesting that the ADR Program staff assign a Panel Mediator with expertise in copyright law. Dkt. No. 23.

On November 21, 2024, a Notice of Assignment of Panel mediator was issued, assigning Edward J. Weiss as the panel mediator in this action. Dkt No. 27. This form states the following: "Within 30 days of the date of this Notice, you must communicate with counsel to set the date, time, and place of the mediation. GO 11-10, §8.1. As soon as the mediation date has been set, you must electronically file a completed Notice of Mediation Date (Form ADR-13)."

On December 9, 2024, Ms. Morgan Foster from ADR Services e-mailed a case scheduling letter to counsel for the parties. Within a couple of days of receiving that letter, the parties agreed to hold a pre-mediation call with Mr. Weiss on December 17, 2024. The parties were focused on completing the mediation prior to January 18, 2025 as Plaintiff was scheduled to leave the country for six weeks on that date.

On December 17, 2024, the parties had a call with Mr. Weiss to discuss potential mediation dates as well as what should be contained in the written mediation statement, among other matters.  The parties and Mr. Weiss were diligent in agreeing to mediate on an expedited basis in light of Plaintiff's schedule and selected January 7, 2025 as the mediation date during this call.  The parties also agreed to submit their mediation statements to Mr. Weiss by January 6, 2025.

On December 19, 2024, a Notice of Mediation Date was filed with the Court, advising that the mediation was set for January 7, 2025 at 9:00 am PT.  Dkt No. 30.  The Notice of Mediation Date states the following:  "Continuances are not favored and may only be granted by the Panel Mediator up to the Court-ordered completion date.  Absent extraordinary circumstances, parties may not request a continuance within three business days of a scheduled mediation.  Be advised that the Panel Mediator is required to report to the Court after a mediation session as to whether the parties appeared at the mediation session as required by Local Rule 16-15.5(b)."

Nowhere on this form does it give either party the unilateral right to outright cancel a scheduled mediation.  However, at approximately 2:00 pm PT on December 31, 2024, that is exactly what Plaintiff did.  On that date, counsel for Defendant received an e-mail from Plaintiff's counsel advising that, although the parties had agreed to Mr. Weiss at ADR Services as the mediator for this action and had agreed upon a date for the mediation, Plaintiff changed her mind and advised her counsel "that she will not participate in the mediation nor any mediation through ADR Services, Inc."  No reason was given.

On January 2, 2025, Jenna Harris, counsel for Defendant, sent an e-mail to Plaintiff's counsel, ADR Services and Mr. Weiss which stated in part the following: "We do not consent to canceling this mediation and vacating it from the calendar. This has been set to accommodate Ms. Waterman's schedule and she has offered no legitimate basis for asking Mr. Weiss to vacate this mediation, which was ordered by the Court and for which Ms. Waterman already provided her consent months ago."

0249208

NOTICE TO COURT RE: PLAINTIFF CANCELLING SCHEDULED MEDIATION

Nevertheless, the mediation was cancelled by ADR Services due to Plaintiff's unilateral refusal to participate.

     At this point, it is our understanding that Ms. Waterman has left the country for her pre-scheduled trip. Defendant was disappointed and frustrated to learn about this refusal to mediate with Mr. Weiss on New Year's Eve after having spent a fair amount of time with Plaintiff on scheduling a date that was acceptable to all parties and beginning preparations for the mediation. Defendant was ready to participate in this mediation in good faith in an attempt to resolve this matter, and in accordance with this Court's Order regarding ADR.

     As the deadline to participate in ADR as ordered by this Court is approaching quickly, Defendant felt it was important to make the Court aware of this unfortunate situation that has caused additional delay and expense due to Plaintiff's unreasonable refusal to participate in the mediation as agreed and ordered.

Dated: January 24, 2025        **RITHOLZ LEVY FIELDS LLP**

By:   /s/ David H. Boren
David H. Boren (SBN 186316)
dboren@rlfllp.com
**RITHOLZ LEVY FIELDS LLP**
10940 Wilshire Boulevard, Ste. 1600
Los Angeles, CA 90024
Bus: (310) 443-4176

Jenna L. Harris (*pro hac vice to be filed*)
jharris@rlfllp.com
**RITHOLZ LEVY FIELDS LLP**
131 S 11th Street
Nashville, TN 37206
Bus: (615) 250-3939

*Attorneys for Spotify USA, Inc.*

0249208

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am a partner of RITHOLZ LEVY FIELDS LLP and that on the date shown below, I caused service of a true and correct copy of the attached: **"NOTICE TO COURT RE: PLAINTIFF CANCELLING SCHEDULED MEDIATION"** to be completed by:

\_\_\_\_\_     personally delivering

\_\_\_\_\_     delivery via Nationwide Legal Services

\_\_\_\_\_     sending via Federal Express or other overnight delivery service

\_\_\_\_\_     delivery via facsimile machine to fax no. _____

  X          delivery via electronic delivery to:

> Stephen M. Doniger (SBN 179314)
> stephen@donigerlawfirm.com
> Kelsey M. Schultz (SBN 328159)
> kschultz@donigerlawfirm.com
> DONIGER / BURROUGHS
> 603 Rose Avenue
> Venice, California 90291
> Attorneys for Plaintiff

Executed on January 24, 2025, at Los Angeles, California.

  X          (Federal)  I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.

                                                        /s/ David H. Boren

0249208

0247005

-1-
NOTICE TO COURT RE: PLAINTIFF CANCELLING SCHEDULED MEDIATION